Gove v. Grafton Vol. Fire & Amb.      CV-94-351-JD  02/01/96

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Brewster G. Gove

           v.                           Civil No. 94-351-JD

Grafton Volunteer Fire &
Ambulance Assoc., Inc., et al.


                         O R D E R


     By order of December 19, 1995, the court denied the
defendant's motion for summary judgment with respect to the
plaintiff's remaining claims.  Before the court is the
defendant's motion for reconsideration of the order as it relates
to the plaintiff's claim under 42 U.S.C. § 1983 (document no.
26).


                        Background[1]

     The plaintiff brought this action following his dismissal
from the Grafton Volunteer Ambulance Squad in 1993, basing his §
1983 claim on his allegation that he was dismissed from the squad
without due process.  The defendant subsequently filed a motion
to dismiss arguing, inter alia, that the plaintiff's § 1983 claim
was barred by Monell v. Department of Social Servs., 436 U.S. 658

_____

     [1]A complete recitation of the events leading up to this
lawsuit is set forth in the court's December 19, 1995, order.

(1978). Relying on the plaintiff's claim in his pretrial statement that "the defendant was an unincorporated association of men and women dedicated to the extinguishment of fires" during the relevant time period, the court held the defendant's motion to dismiss in abeyance. Gove v. Grafton Volunteer Ambulance Squad, No. 94-351-L, slip op. at 4 (D.N.H. July 31, 1995) (Loughlin, J.). The defendant then filed a motion for summary judgment, again arguing that Monell barred the instant action if, as the defendant believed, it was an official municipal department. The defendant argued in the alternative that if the ambulance squad was not a municipal department, liability under § 1983 would not attach because the squad was not acting under color of law when it dismissed the plaintiff.

The court denied the motion for summary judgment, finding a genuine issue of material fact concerning the defendant's status as a municipal department. Gove v. Grafton Volunteer Ambulance Squad, No. 94-351-JD (D.N.H. Dec. 19, 1995), slip op. at 8-9. The defendant has asked the court to reconsider its order, claiming that the court need not resolve the issue of the defendant's status as a municipal department. In objecting to the defendant's motion for reconsideration, the plaintiff has reiterated its belief that "the defendant did not officially recognize . . . the ambulance squad as [a] department[] until

2

after this lawsuit was brought," Objection to Motion for Reconsideration at 1, and has stated that "there is probably no question that the Ambulance Squad was not an official town department," id. at 2. The court interprets these statements, in conjunction with the similar language in the plaintiff's pretrial statement, as an indication of the plaintiff's position on this issue, i.e., that the defendant was not a municipal department during the relevant time period. As the defendant has argued that it does not matter whether the squad was a municipal department at the time in question, the court accepts the plaintiff's position and considers his § 1983 action as a claim against the defendant as a private entity.

Discussion

The defendant argues that summary judgment is warranted on the plaintiff's § 1983 claim because the squad was not acting under color of state law when it dismissed him. The plaintiff argues that the defendant's role in the community was of a sufficiently public nature to satisfy the color-of-law requirement.

In pertinent part, § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State

> or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C.A. § 1983 (1994). "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the state?'" Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982) (quoting Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982)).

The conduct of a private party may be attributed to the state under three circumstances: (1) where there is an elaborate financial or regulatory nexus between the private party and the state; (2) where the private party and the state maintain a symbiotic relationship; or (3) where the private party has assumed a traditionally public function. Rodriguez-Garcia v. Davila, 904 F.2d 90, 96 (1st Cir. 1990); see also Penney v. Town of Middleton, 888 F. Supp. 332, 341 (D.N.H. 1994). The court considers each of these hallmarks of state action seriatim.

A.    Financial or Regulatory Nexus

A private party may act under color of state law if there is a "'sufficiently close nexus between the State and the challenged action of the . . . entity so that the action of the latter may be fairly treated as that of the State itself.'" Rodriguez-Garcia, 904 F.2d at 97 (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974)). Such a nexus may exist only where the state, through financial support or regulatory authority, can be held responsible for the specific conduct of which the plaintiff complains. Id. (citing Blum v. Yaretsky, 457 U.S. 991, 1004 (1982)); Haavistola v. Community Fire Co., 6 F.3d 211, 216 (4th Cir. 1993) (state regulation of volunteer fire departments and firefighting in general does not amount to state control over personnel matters within department).

The plaintiff argues that "[t]he town was more than happy to have volunteers running the fire department and the ambulance department, and more than happy to stay out of the way." Objection to Motion for Summary Judgment at 7. However, such a theory is inconsistent with the financial/regulatory nexus theory of state action, which in this case would require affirmative conduct on the part of the town, i.e., its exercise of "coercive power" over or its provision of "significant encouragement" to the squad's personnel decisions. Rodriguez-Garcia, 904 F.2d at

5

97. As the plaintiff has adduced no evidence that the town "encouraged or affirmatively induced the dismissal[]," id., the court finds that there is no financial or regulatory nexus between the town and the dismissal of the plaintiff from the squad.

B.  Symbiotic Relationship

The acts of a private party also can be attributed to the state if the government "has so far insinuated itself into a position of interdependence with [the private entity] that it must be recognized as a joint participant in the challenged activity." Burton v. Wilmington Parking Auth., 365 U.S. 715, 725 (1961); see also Rodriguez-Garcia, 904 F.2d at 98.  Such joint participation must relate to the challenged activity. Krieger v. Bethesda-Chevy Chase Rescue Squad, 599 F. Supp. 770, 773 (D. Md. 1984), aff'd, 792 F.2d 139 (4th Cir. 1986) (no relationship between termination of rescue squad member for exercising constitutional rights and loan of publicly owned rescue equipment).  A key factor in determining the existence of a symbiotic relationship is the existence of a plan under which the government shares profits with a private entity, Rodriguez, 904 F.2d at 98, or leases property to the private entity, Haavistola,

6

6 F. 3d at 215 (citing <u>Jackson v. Metropolitan Edison Co.</u>, 419 U.S. 345, 358 (1974)).

Again, the plaintiff's theory of state action -- that the town tacitly encouraged the squad to act on its own -- is inconsistent with the existence of a joint venture or any other form of interdependent relationship between the squad and the town, let alone one that relates to the plaintiff's termination. Such a theory indicates only that the squad operated independent of, rather than in conjunction with, the town.  Accordingly, the court finds no symbiotic relationship between the town and the squad.

C.  <u>Traditional Exclusive Public Function</u>

A private entity may be deemed a state actor where the function it performs "has been traditionally the <u>exclusive</u> prerogative of the state."  <u>Rendell-Baker</u>, 457 U.S. at 842; <u>see also</u> <u>Rodriguez-Garcia</u>, 904 F.2d at 98.  The federal courts that have considered the question unanimously have concluded that volunteer ambulance and rescue squads "are more akin to private functions that the State may be just beginning to assume than to public functions that are traditionally governmental."  <u>Eggleston v. Prince Edward Volunteer Rescue Squad</u>, 569 F. Supp. 1344, 1351 (E.D. Va. 1983), <u>aff'd</u>, 742 F.2d 1448 (4th Cir. 1984); <u>see also</u>

7

McKinney v. West End Voluntary Ambulance Ass'n, 821 F. Supp. 1013, 1019 (E.D. Pa. 1992) (extensive governmental regulation and importance to community do not render ambulance services traditional exclusive prerogative of state); Krieger, 599 F. Supp. at 772.  The court agrees with the holdings of these courts, and therefore concludes that the defendant was not acting under color of state law when it dismissed the plaintiff.[2]  Accordingly, the court grants summary judgment on the plaintiff's § 1983 claim.


Conclusion

The defendant's motion for reconsideration (document no. 26) is granted.  The court grants summary judgment to the defendant on the plaintiff's claim under 42 U.S.C. § 1983.  As the remaining counts present questions of state law only, the case is

_____

[2]The plaintiff argues that because the squad was a subdivision of the fire department, the court also must consider whether firefighting is a traditionally exclusive public function.  However, as the entity that dismissed the plaintiff performed only ambulance-related functions, the court declines to broaden its public function inquiry to include firefighting.

remanded, pursuant to 28 U.S.C. § 1441(c), to the Grafton County Superior Court.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

February 1, 1996

cc:  R. Peter Decato, Esquire
     Steven E. Hengen, Esquire
     William H. Kelley, Esquire